**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FADI G. HADDAD, M.D., | No. 17-16729 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01700-WHO |
| v. | |
| SMG LONG TERM DISABILITY PLAN; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ,[**] District Judge.

Fadi Haddad appeals the district court's grant of judgment to Hartford Life

and Accident Insurance Company on his claim under section 502 of the Employee

Retirement Insurance Security Act of 1974 (ERISA), 29 U.S.C. § 1132. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

the district court's choice and application of the standard of review de novo and its factual findings for clear error. *See Estate of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016). We reverse.

**1.** To apply an exclusion for a disability that is "caused or contributed by" a preexisting condition—such as the exclusion here—the insurance provider must show that the disability was "*substantially* caused or contributed by" the preexisting condition. *Dowdy v. Metro. Life Ins. Co.*, 890 F.3d 802, 809–10 (9th Cir. 2018); *see also McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir. 1996) (per curiam).[1] A mere "philosophic" or "insignificant cause" is insufficient. *Dowdy*, 890 F.3d at 809. Under this standard, Hartford bears the burden of establishing that Haddad's left-sided symptoms were substantially caused or contributed to by his right-sided herniated disk. *See id.* at 810. Hartford has not met its burden.

---

[1] The substantial-contribution standard applies only if the exclusionary language is "conspicuous." *Dowdy*, 890 F.3d 808. In rendering its decision, the district court relied on an earlier version of the policy and a certificate of insurance to determine the terms of the policy, as Hartford has been unable to locate a copy of the policy currently in effect. Haddad contends that, because the current policy is unavailable, we cannot conclude that the preexisting-condition exclusion is conspicuous. We need not address whether the exclusion here is conspicuous, because Haddad is entitled to recovery even if the substantial-contribution standard applies. *See id.*

**2.** First, the exclusionary language here is less expansive than in *Dowdy*. In *Dowdy*, the exclusion expressly excluded coverage "for any loss caused or contributed by . . . physical . . . illness or infirmity, or *the diagnosis or treatment* of such illness or infirmity." *Id.* at 805–06 (emphasis added) (omissions in original). The exclusion here contains no language referring to diagnosis or treatment. Instead, it applies only if the disability "results from, or is caused or contributed by, *a Pre-existing condition*" (emphasis added). So for the exclusion to apply, Hartford must show that Haddad's *preexisting condition itself* (i.e., the right-sided herniated disk) substantially caused or contributed to his left-sided symptoms. This requirement affects the point at which the connection between the preexisting condition and the disability becomes too attenuated for the condition to be deemed a substantial cause of the disability.

Second, to determine whether a cause is substantial, "there must be some evidence of a significant magnitude of causation." *Id.* at 809. The record contains little explanation regarding the causal relationship between Haddad's preexisting right-sided condition and his new, debilitating left-sided symptoms. The only meaningful discussion of how the left-sided symptoms resulted is found in a letter from Haddad's surgeon, Dr. Bobby Tay, which notes only that the symptoms were "caused by and related to *the surgery*" (emphasis added). The letter does not discuss whether the manner in which the surgery caused the symptoms was

3

reasonably foreseeable from the existence of the preexisting condition, or relatively uncommon and so not reasonably foreseeable. The only reference to the physiological mechanism by which Haddad's symptoms arose is Dr. Tay's letter, which states that "[t]he appearance of these left side symptoms is documented on [a medical scan] which shows a left side C6 lesion."

Third, although Haddad was warned that the surgery could have complications, the record contains only a cursory discussion of the warnings. It is unclear whether Haddad's left-sided symptoms were caused by any specific risk of which Haddad was warned.

Finally, we note that these deficiencies in the record reflect Hartford's decision not to consult with a medical expert during its administrative appeals process or to contest the evidence Haddad provided. As a result, the connection between the original condition and the postsurgery condition was left largely unexplained.

Hartford has not carried its burden of showing that the preexisting-condition exclusion applies. We therefore reverse the district court's grant of judgment and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**

4